United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK OPALEC,<br><br>    Petitioner,<br><br>    v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 06-6459 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Roderick Opalec, an inmate at the Correctional Training Facility in Soledad, filed this <u>pro se</u> action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Opalec was convicted in Los Angeles County Superior Court of attempted murder and was sentenced in 1990 to a term of seven years to life plus three years in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a January 28, 2005 hearing that found him not suitable for parole. Opalec alleges that he filed habeas petitions in state courts before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Opalec alleges in his petition that the BPT's decision was not supported by sufficient evidence and was arbitrary and capricious. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006). In a related argument, Opalec contends that the "some evidence" standard is not the correct standard to apply to his claim. This argument is unpersuasive because this court is bound to follow the Ninth Circuit precedent that holds that the some evidence standard is the correct standard for review of parole denial cases. See id. at 1128-29 (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)).

Opalec argues that the California Supreme Court's decision in In re. Dannenberg, 34 Cal. 4th 1061 (Cal.), cert. denied, 126 S. Ct. 92 (2005), was erroneous. This court is not free to overturn Dannenberg. A state court's interpretation of state law binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988). The state's highest court is the final authority on the law of that state. Sandstrom v. Montana, 442 U.S. 510, 516-17 (1979). The California Supreme Court's interpretation of California Penal Code § 3041 in Dannenberg cannot be challenged in this

federal habeas action. The claim is dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition's due process claim for insufficient evidence warrants a response from respondent. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 30, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 20, 2006

Marilyn Hall Patel
United States District Judge

3